[No. 945.    September 13, 1904.]

## TERRITORY OF NEW MEXICO, Appellee, v. JESSIE SMITH, Appellant.

### SYLLABUS.

1. A plea in abatement in a criminal case must be verified. A verification upon information and belief is no verification, and renders the plea demurrable.

2. Where title to animals, the subject of larceny, is sought to be established by brand, a certificate of the recorded brand must be shown.

3. A motion to strike out the testimony of a witness is seasonably made under the facts in this case.

Appeal from the district court of Guadalupe county before William J. Mills, Chief Justice. Reversed and remanded.

GEORGE P. MONEY and E. V. LONG, for appellant.

The court did not correctly instruct the grand jury as to their duties in considering and returning indict-

ments, and the weight of evidence and degree of proof necessary to find same, as required by law.

C. L. 1897, secs. 975, 976, 981, 982 and 967; charge of Justice Field in S. v. Winzer, 2 Sawyer 667, 670; 1 Bish. N. Crim Pro., sec. 867, par. 2, as the modern rule.

The demurrer to the defendants plea in abatement should have been sustained because of the presence of S. B. Davis, in the grand jury room and his participation in the proceedings while said cause was under investigation.

Comp. L. 1897, sec. 986; Lungs case, 1 Conn. 428. S. v. Fassett, 16 Conn. 457, 469; Blevins v. State, 68 Ala. 92; Durr v. State, 53 Miss. 425; Welch v. State, 8 So. 673; People v. Scannell, 72 N. Y. Sup. 449.

It is a substantial irregularity in the proceedings resulting in the presentment of the indictment.

State v. Heaton, 5 Pac. 844.

If Mr. Davis had been sworn by the court, and sent into the grand jury room by the court and by the district attorney, it would have been error.

Bowman v. State, 38 Atl. 331; Comp. L. 1897, secs. 987, 988; State v. Will, 65 N. W. 1013.

That ownership is necessary to be proved as laid in larceny, is a well known essential.

3 Greenleaf Ev., secs. 154, 161; 1 Bish. New Cr. Pr., sec. 488, par. 3, 581, 582, 583, par. 1, 2; Ter. v. Ortiz, 8 N. M. 220; 12 Ency. Law (1 Ed.), 800.

Proof of brand alone being relied upon, oral evidence is not sufficient to prove ownership, nor evidence that there was any such record.

Chavez v. Territory, 6 N. M. 455; Comp. L. 1897, secs. 67 and 107.

Oral evidence of a brand and of its record are not sufficient to prove ownership of the brand. Under such

evidence the brands on a cow cannot be considered as raising a presumption of ownership.

Comp. L. 1897, sec. 107; Horber v. State, 7 Tex. 69; Page v. State, 40 Tex. 151; Com. v. State, 41 Tex. 301; Allen v. State, 42 Tex. 517; Berrien v. Lowe, 10 Mich. 151; Hyde v. Nelson, 11 Mich, 357; Imp. Co. v. Munson, 14 Wal. 448; U. S. v. Breitling, 20 How. 256; Comrs. v. Clark, 94 U. S. 284.

The presumption of innocence followed the defendant throughout the trial until the jury returned a verdict upon the whole case.

3 Greenleaf, Ev., secs. 30, 34; 1 Bish. New Cr. Pro., 1103, 1104; Territory v. Lucero, 8 N. M. 543; Whart. Cr. Ev., secs. 330 and 331; Coffin v. U. S., 156 U. S. 432; Davis v. U. S., 160 U. S. 469; Chaffee v. U. S., 18 Wall. 516; Sparf v. U. S., 156 U. S. 51.

When a verdict will be reversed:

U. S. v. Biena, 8 N. M. 90; Territory v. Pino, 9 N. M. 598; Territory v. Edie, 6 N. M. 555; Carlisle Gold Mining Co. v. Clark, 5 N. M. 323; Romero v. Desmarias, 5 N. M. 142; Railroad Co. v. Ohle, 117 U. S. 123. See also Territory v. Webb, 2 N. M. at page 157.

"The rule that the finding of a jury will not be disturbed, ought to be relaxed whenever it appears that injustice has been done."

Owen v. State, 35 Tex. 361; See also Williams v. Townsend, 15 Kas. 429; Martin v. Martin, 45 Pac. 813; Guerro v. Ballero, 48 Cal. 121; Lee v. State, 71 Ga. 260.

Where the evidence is unsatisfactory the court will look for a reason for reversal.

Copeland v. State, 7 Humph. (Tenn.) 479; Rafferly v. P., 72 Ill. 37; Waters v. People, 50 N. E. 150; 3 Greenleaf's Evidence, sec. 29.

As to instructions:

Jeffries v. S., 28 So. 948; Waters v. People, 50 N. E. 150; Thompson on Trials, 2502-2503-2504 and 2424; Hansell v. State, 40 S. W. 801; Isham v. State, 41 S. W. 622; S. v. Musgrave, 28 S. E. 813; Houston R. Co. v. Rummels, 47 S. W. 972; Comp. Laws 1897, secs. 2992, 2994; Territory v. Nichols, 3 N. M. 103; Aguilar v. Territory, 8 N. M. 496; Territory v. Friday, 8 N. M. 204; S. v. McCaskey, 16 S. W. 512; Cadey v. State, 4 Tex. App. 238; Territory v. Lucero, 8 N. M. 543; Thompson's Trials, 2461-2462.

Opinions as to ownership of property are inadmissible.

Lawson Expert Evidence, 498; Taliafero v. Pryor, 13 Gratt. 277; Wells v. Sheep, 1 Walk. (Miss.) 471; Young v. Power, 41 Miss. 197; Dunlap v. Hearn, 37 Mass. 471.

What is evidence of partnership?

2 Rice, Sec. 451 and authorities there cited.

EDWARD L. BARTLETT, Solicitor-general for appellee.

Grand jurors who are legally sworn as such are legally charged with the performance of their duties, and no charge on the part of the court is essential to give validity to their acts.

17 Ency. Law (2 Ed.), p. 1272.

Mistake in a charge will not affect an indictment which the jury is authorized to find.

Comm. v. Sanborne, 116 Mass. 63; State v. Torlington, 102 Mo. 645, 648, 652.

As to the presence of the prosecuting attorney in the grand jury room:

People v. Bemis, 51 Mich. 422; Meister v. People, 31 Mich. 90; 17 Ency. Law, 2d Ed., 1293 and cases cited.

Where the name of corporation is stated as owner there need be no averment that it is a corporation.

> State v. Fitzpatrick, 9 Houston 385; 2 Bish., New Crim. Pro., sec. 718; Bishop's Directions and Forms sec., 76; 10 Ency. Pl. and Pr., p. 509; Archibald's Crim. Pl., p. 36; B. v. Patrick, 3 East, P. C. 105-99; 1 Leach, 253.

As to the verdict being against the weight of the evidence:

> Territory v. Guillen, 66 Pac. 529.

It is not error to instruct the jury that they may disregard the testimony of a witness who has willfully sworn falsely to any material fact, unless he was corroborated by some other credible witness.

> Thompson on Trials, secs. 2418, 2424-5 and 2447; Sacketts Instructions to Juries, p. 715 and pp. 31-33; Territory v. Faulkner, 6 N. M. 485; Territory v. Romine, 2 N. M. 129; 1 Bish. Crim. Proc., secs. 981-982.

In charging the jury, the court should limit its instructions to the facts in evidence.

> 11 Ency. Pl. and Pr., pp. 168-170; Territory v. Fewell, 5 N. M. 44; Rodey v. Ins. Co., 3 N. M. 548-549; Crabtree v. Segrist, 3 N. M. 503-504; Territory v. Anderson, 4 N. M. 226; Territory v. Baker, 4 N. M. 267; Territory v. Faulkner, 6 N. M. 480.

If instructions given by the court upon its own motion cover the whole case, it is not error to refuse instructions offered by counsel covering the same matter.

> Laber v. Cooper, 7 Wall 566 and 571; Beall v. Territory, 1 N. M. 518; Territory v. Romero, 2 N. M. 474; Indianapolis & C. R. R. Co. v. Horst, 93 U. S. 291; Thompson on Juries, sec. 92.

OPINION OF THE COURT.

PARKER, J.—There was a plea in abatement interposed based upon supposed irregularities in the finding of the indictment by the grand jury. A demurrer to the plea was filed and sustained. The plea alleged upon information and belief that the Court in its instruction misdirected the grand jury as to their duty in finding and returning indictments in all cases, of which that of defendant was one, and that an unauthorized person was present in the grand jury room while the cause was under investigation and the indictment was being considered, and who participated in the proceedings.

The plea must be verified. The plea must be verified by the defendant, which verification must state that, "the plea hereunto annexed is true in substance and matter of fact." Arch. Cr. Pldg. & Ev., 82; R. v. Grainger, 3. Burr, 1617; 1 Bishop on Criminal Procedure, secs. 757, 793.

It may be, under statute 4 Anne, c. 16, s. 11, which is no doubt a part of the common law of this country, the verification need not be by the defendant himself; but it must be verified by affidavit. A verification of a plea in abatement on information and belief is no verification within the requirements and renders the plea demurrable. We are not advised of any statute or rule relaxing the common-law requirements in criminal cases. The court was right in sustaining the demurrer to the plea.

The next point raised by defendant is that no sufficient proof of ownership was produced. The only testimony on the subject is contained in the following question and answer:

"Q. I will ask you to state whether the H. O. W. Cattle Company own any cattle in New Mexico?

"A. They own all cattle in the Territory of New Mexico branded H. O. W."

No attempt was made to show any personal knowledge or recognition of the particular cow, branded "H. O. W.," the alleged mother of the calf which was the subject of the larceny charged. The prosecution stood alone upon the fact that it had a brand, owned all cattle in New Mexico in that brand, and consequently owned the unbranded offspring of such cattle, of which the calf in question was one. No proof was offered that the brand had been recorded and no certificate of the record of any brand was shown. We think this testimony was insufficient as to ownership to support the verdict.

Section 107, Compiled Laws of 1897, is as follows:

"No brands except such as are recorded under the provisions of this act shall be recognized in law as any evidence of ownership of the horses, mules, asses, or neat cattle upon which such brand may be used." Here is an express declaration that a brand which is not recorded shall not be recognized as evidence of title. If it must be recorded, then the record is the best evidence of the fact of record. Without statutory aid, the record itself, perhaps, would have to be produced. But section 67, Compiled Laws 1897, provides that the proof of the brand may be made by a certified copy of the record, under the seal, and certificate of the secretary of the cattle sanitary board. It would seem to require no argument under the terms of these statutes, to conclude that where a person depends solely upon a brand found upon an animal to establish title thereto, it must appear that he has a legal brand and that fact must be established in the legal way.

It is urged by the solicitor-general that seasonable objection to this evidence was not made by defendant.

At the time of the introduction of the evidence, no objection was made. At the close of the testimony of the witness the following motion was made:

"In view of the evidence as it now stands, I do not know what the court will do about it, but we move to strike out all the witness has stated on the subject of

ownership on two grounds:    (1), that the ownership of cattle can only be proved by the personal knowledge of the witness of the animals, or by the recorded brand, and neither of those methods has been resorted to here."

It is a well-known rule that a party may not sit by and allow questions, apparently calling for incompetent testimony, to be asked without objections, take his chances upon something favorable being disclosed, and then, finding the proof prejudicial, be heard to complain of the court's refusal to strike it out. 3 Jones on Evidence, sec. 898; see also, Murray v. Silver City, Deming & Pacific R. R. Co., 3 N. M. 580. But in this case the question propounded gave no hint that the prosecution was proposing to establish title by the response of the witness, and, indeed the answer was perhaps, not exactly responsive to the question.    Nor can the answer be said to warn the defendant that it was relied upon to establish title.    From a large experience of the writer in the trial of this class of cases it may be said that very frequently, if not usually, the formal proof by certificate of brand is the last piece of evidence put in by the prosecution, and the trial is conducted upon the tacit understanding that the same will be forthcoming before the case is closed in chief. In this case the defendant called the attention of the prosecution and the court at the close of the tesimony of the first witness for the prosecution, that he intended to rely upon his legal rights, while he might well have waited under the circumstances attending the trial of such cases, until the prosecution closed.    We think the objection was seasonably made.

The plain question was whether this proof was sufficient and it was held that it was.    In this we think the court was in error.

For the reasons stated, the cause will be remanded, with instructions to grant a new trial, and it is so ordered.

Baker and McFie, JJ., concur.

Mills, C. J., having decided the case below, Pope, A. J., and Mann, A. J., did not participate in this decision.